IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELROY HENDERSON,                              )
                                              )
                        Plaintiff,            )
                                              )
vs.                                           )      Case No. 3:19-00432-MAB
                                              )
ILLINOIS DEPARMENT OF                         )
CORRECTIONS, ET AL.,                          )
                                              )
                        Defendants.           )
                                              )
                                              )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment as to Count II of Plaintiff's complaint filed by Defendants Reva Engelage and Aimee Lange (Doc. 51). For the reasons explained below, the motion is GRANTED.

## BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 18, 2019 for deprivations of his constitutional rights while incarcerated at Menard Correctional Center ("Menard") (Docs. 1, 6). Plaintiff claimed that while he was housed at Menard, officials used excessive force upon him, failed to intervene and protect him, and were deliberately indifferent to his serious medical needs (Docs. 1, 6). On April 19, 2021, this Court granted summary judgment with respect to Plaintiff's failure to intervene and failure to protect claims against Defendant Engelage and Defendant Lange and his conspiracy claim against all defendants, finding that Plaintiff had failed to exhaust his

administrative remedies (Doc. 41). The Court denied summary judgment with respect to Plaintiff's Eighth Amendment claims against Defendants Jonathan Webb, Donald Rountree, Nicholas Bebout and Brian Eisenhauser for use of excessive force (Count I) and against Defendant Engelage and Defendant Lange for deliberate indifference to a serious medical need (Count II) (Doc. 41).

### UNDISPUTED FACTS

At all relevant times, Plaintiff has been an inmate with the Illinois Department of Corrections ("IDOC"). He is currently incarcerated at Pontiac Correctional Center ("Pontiac") (Doc. 28, p. 2). Plaintiff claims he was involved in a physical altercation with several correctional officers and prisoners on or around April 23, 2017 while housed at Menard (Doc. 6, p. 2). He was sprayed with oleoresin capsicum ("O.C.") spray and placed in restraints (Doc. 6, p. 2). He was escorted to the Healthcare Unit where Defendant Engelage and Defendant Lang were nurses on duty (Doc. 52-1, 32:12-33:23). Upon his arrival, Defendant Engelage began to wipe off the O.C. spray (Doc. 52-1, 34:7-20). Defendant Lang filled out medical paperwork after she entered the room (Doc. 6, p. 2). Then, Defendant Engelage and Defendant Lang cleaned the blood on his face, removed his clothes and garments for additional observation, and then helped facilitate a transfer of Plaintiff to an outside hospital by ambulance shortly thereafter (Doc. 52-1, 42:7-25). As Defendant Engelage and Defendant Lang were treating Plaintiff's face, he never told them about or showed them any injuries to his body (Doc. 52-1, 46:17-46:23). On April 23, 2017, Plaintiff was treated at Chester Memorial Hospital for a lip laceration and broken teeth (Doc. 52-2, p. 26-41). Medical records show his lip laceration was treated with a

dressing prior to his arrival at the hospital (Doc. 52-2, p. 37). At the hospital, Plaintiff received a CT scan of his head, face, and spine that show no abnormalities besides some soft tissue swelling of Plaintiff's upper and lower lip (Doc. 52-2, p. 2-4).

## LEGAL STANDARDS

Summary judgment is proper when the moving party "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "Factual disputes are genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented, and they are material only if their resolution might change the suit's outcome under the governing law." *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013) (citation and internal quotation marks omitted). In deciding a motion for summary judgment, the court's role is not to determine the truth of the matter, and the court may not "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC*, 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). Instead, "it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836.

The Eighth Amendment's proscription against cruel and unusual punishment safeguards prisoners against "pain and suffering [that] no one suggests would serve any penological purpose." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (internal quotation marks omitted). The Supreme Court

has thus recognized that the Eighth Amendment creates an obligation for prison officials to provide inmates with adequate medical care. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, (1994)). Evaluating whether the Eighth Amendment has been violated in the prison medical context involves a two-prong analysis. The court first looks at whether the plaintiff suffered from an objectively serious medical condition and, second, whether the "prison officials acted with a sufficiently culpable state of mind," namely deliberate indifference. *E.g., Roe*, 631 F.3d at 857. In applying this test, the court "look[s] at the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to serious medical needs." *Petties v. Carter*, 836 F.3d 722, 728–29 (7th Cir. 2016).

Defendants concede Plaintiff suffered from a serious medical need when he arrived at the Healthcare unit with a possible head injury and lip lacerations. (Doc. 52, p. 5). Therefore, the question for the Court is whether Defendants acted with deliberate indifference to that condition. A prison official exhibits deliberate indifference when they know of a serious risk to the prisoner's health exists but they consciously disregard that risk. *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citation omitted). The deliberate indifference standard "requires more than negligence and it approaches intentional wrongdoing." *Id. at* 1073. It is "essentially a criminal recklessness standard, that is, ignoring a known risk." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (citation omitted); s*ee also Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) ("Deliberate indifference requires a showing of more than mere or gross negligence, but less than the purposeful or knowing infliction of harm. We have characterized the required showing

as something approaching a total unconcern for the prisoner's welfare in the face of serious risks.") (citations and internal quotation marks omitted).

<u>DISCUSSION</u>

As previously noted, the only remaining claim against Defendants Engelage and Lang is Plaintiff's claim against them for deliberate indifference to a serious medical need regarding their treatment of him in the Healthcare Unit. Plaintiff's response in opposition to the motion for summary judgment seems to be largely focused on his allegation that these Defendants allowed correctional officers to assault him after he was initially taken to the Healthcare Unit (Doc. 54). In other words, Plaintiff's response in opposition seems to be focused on his claim against Defendants Engelage and Lang for failure to intervene, not deliberate indifference. But the failure to intervene claim was dismissed by the Court because Plaintiff failed to exhaust his administrative remedies with respect to that claim (*See* Doc. 41, pp. 14-15).

As for Defendant Engelage and Defendant Lang's actions in treating Plaintiff's injuries, the record shows that they began treating him for exposure to O.C. almost immediately upon his arrival in the Healthcare Unit, and that they began treating his face and ensured he was taken to the hospital for additional treatment shortly after the alleged assault. In his deposition, Plaintiff stated that Lang did not document a lot of his injuries after the assault, but he also conceded that he did not tell her about the injuries (Doc. 52-1, 46:5-23). "The standard [for deliberate indifference] is a subjective one: The defendant must know facts from which he could infer that a substantial risk of serious harm exists and he must actually draw the inference." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017)

(quoting *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016)). Moreover, medical records indicate that Plaintiff's injuries were primarily to his head and face, and undisputed facts show that he was treated for those injuries quickly. Thus, Defendant Engelage and Defendant Lang acted reasonably in treating Plaintiff's injuries. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (Plaintiff "is not entitled to demand specific care" or "the best care possible" but "is entitled to reasonable measures to meet a substantial risk of serious harm"); *cf. Gerald v. Indiana Dep't of Correction*, No. 1:08-CV-706-DFH-TAB, 2009 WL 1795178, at *2-3 (S.D. Ind. June 23, 2009) (granting summary judgment where record showed defendants monitored plaintiff's medical condition, provided some treatment, and sent him to the hospital when his condition worsened); *Moy v. Evans*, No. CIV. 06-272-GPM, 2007 WL 315088, at *2 (S.D. Ill. Jan. 31, 2007) (dismissing deliberate indifference claims where plaintiff was offered some treatment by each defendant, culminating in testing by an outside physician).

## CONCLUSION

Defendant Engelage and Defendant Lang's motion for summary judgment (Doc. 51) is **GRANTED**. Count II of the complaint is **DISMISSED with prejudice**. The Court will enter judgment accordingly at the conclusion of this case.

This case will be set for a status conference by separate notice to discuss the referral of this case for either a mediation with the Court Attorney and ADR Coordinator Megan Arvola or a settlement conference with a judicial officer.

**IT IS SO ORDERED.**

**DATED: March 15, 2023**

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge